```
 1  ARTHUR A. HARTINGER (SBN 121521)
    ahartinger@meyersnave.com
 2  GEOFFREY SPELLBERG (SBN 121079)
    gspellberg@meyersnave.com
 3  KIMBERLY M. DRAKE (SBN 209090)
    kdrake@meyersnave.com
 4  REICHI LEE (SBN 228578)
    rlee@meyersnave.com
 5  MEYERS, NAVE, RIBACK, SILVER & WILSON
    555 12th Street, Suite 1500
 6  Oakland, California 94607
    Telephone: (510) 808-2000
 7  Facsimile: (510) 444-1108

 8  Attorneys for Defendant

 9  CHRISTOPHER DOLAN (SBN 165358)
    chris@cbdlaw.com
10  RACHEL PUSEY (SBN 224880)
    rachel@cbdlaw.com
11  The Dolan Law Firm
    1438 Market Street
12  San Francisco, CA 94102
    Telephone: 415-421-2800
13  Facsimile: 415-421-2830

14  Attorneys for Plaintiffs
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES JENKINS, SHAWN PICKETT, AND ARNOLD THREETS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF RICHMOND, a California Governmental Entity,<br><br>　　　　　Defendant. | CASE NO. C 08-03401 MHP<br><br>**STIPULATION AND [PROPOSED] ORDER PERMITTING DEFENDANT TO FILE FIRST AMENDED ANSWER** |

IT IS HEREBY STIPULATED, by and between the parties hereto, that Defendant in this

---

STIPULATION AND [PROPOSED] ORDER PERMITTING DEFENDANT TO FILE FIRST AMENDED ANSWER
1218080

C 08-03401 MHP

action may file the First Amended Answer to First Amended Complaint, a copy of which is attached hereto.

IT IS SO STIPULATED.

DATED: April 14, 2009  MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/ Reiche Lee
Arthur A. Hartinger
Geoffrey Spellberg
Reiche Lee
Attorneys for Defendant
CITY OF RICHMOND

1218080.1

THE DOLAN LAW FIRM

By: /s/ R. Pusey
Christopher Dolan
Rachel Pusey
Attorneys for Plaintiffs
JAMES JENKINS, SHAWN PICKETT and
ARNOLD THREETS

## ORDER

PURSUANT TO STIPULATION BETWEEN THE PARTIES, the Court hereby grants Defendant leave to file its First Amended Answer to First Amended Complaint for Damages.

**IT IS SO ORDERED.**

Dated: 4/15/2009

By: /s/ Marilyn H. Patel
Judge Marilyn H. Patel

STIPULATION AND [PROPOSED] ORDER PERMITTING DEFENDANT TO FILE FIRST AMENDED ANSWER
1218080

C 08-03401 MHP

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
GEOFFREY SPELLBERG (SBN 121079)
gspellberg@meyersnave.com
KIMBERLY M. DRAKE (SBN 209090)
kdrake@meyersnave.com
REICHI LEE (SBN 228578)
rlee@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
CITY OF RICHMOND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES JENKINS, SHAWN PICKETT, AND ARNOLD THREETS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND, a California Governmental Entity; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. C 08-03401 MHP<br><br>**DEFENDANT'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Discrimination Based Upon Race in Violation Title VII of the Civil Rights Act of 1964, as Amended § 701 *et seq.*, 42 U.S.C. 2000(e) *et seq.*<br>2. Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, § 701 *et seq.*, 42 U.S.C. 2000(e) *et seq.*<br>3. Discrimination Based Upon Race in Violation of Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.*<br>4. Retaliation in Violation of Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.* |

Defendant CITY OF RICHMOND (hereinafter "Defendant") hereby answers and responds to the First Amended Complaint filed by JAMES JENKINS, SHAWN PICKETT, ARNOLD THREETS AND CLEVELAND BROWN (hereinafter "Plaintiffs") as follows:

**Jurisdiction**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted. That plaintiffs make that assertion but Defendant denies that there is any amount in controversy.

**Intradistrict Assignment**

8. Admitted.

**Parties to the Civil Action**

9. Defendant admits that Plaintiff JENKINS is an African-American, male adult natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations.

10. Defendant admits that Plaintiff PICKETT is an African-American, male adult natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations.

11. Defendant admits that Plaintiff THREETS is an African-American, male adult natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations.

12. Defendant admits that Plaintiff BROWN is an African-American, male adult natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations.

13. Admitted.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

### Venue

17. Defendant admits that Plaintiffs allege that the claims arose in the Northern District.

18. Defendant admits that African Americans can be deemed members of a protected class, but deny any liability to Plaintiffs.

19. Defendant admits that Title VII can be applicable to public authorities, but denies liability here.

20. Defendant admits that 42 U.S.C. § 1981 can be applicable to public entities, but denies liability here.

21. Defendant admits that it is a governmental entity subject to suit under the Civil Rights Act. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations and denies liability.

22. Defendant admits that certain Plaintiffs filed charges with the EEOC but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations.

23. Defendant admits that Plaintiff Brown filed charges with the EEOC but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

1 contained in said paragraph, and on that basis denies those allegations.

## Facts Common to All Causes of Action

24. Denied. The Plaintiffs are employed by the Richmond Police Department.

25. Defendant admits that the ranks are correctly stated and that the Plaintiffs are employed by the Richmond Police Department.

26. Defendant admits that three Plaintiffs filed DFEH charges and the fourth filed EEOC charges and received right to sue letters, but denies all other allegations in this paragraph.

27. Defendant denies each and every allegation contained therein.

28. Defendant admits that Plaintiffs filed a civil complaint in Contra Costa County Superior Court in March of 2007. With respect to the remaining allegations contained therein, defendant denies each and every allegation.

29. Defendant denies each and every allegation contained therein.

30. Defendant admits that Deputy Chief Medina was designated to attend the Academy, but could not do so. The remaining allegations are denied.

31. Defendant denies these allegations.

32. Defendant admits that THREETS sent a memo. The remaining allegations are denied.

33. Defendant admits that Plaintiff JENKINS applied and tested for a promotion to Captain in December 2007 – January 2008. With respect to the remaining allegations contained therein, defendant denies each and every allegation.

34. Defendant admits that Plaintiff PICKETT applied and tested for a promotion to Captain in December 2007 – January 2008. With respect to the remaining allegations contained therein, defendant denies each and every allegation.

35. Defendant admits that Plaintiff THREETS applied and tested for a promotion to Captain in December 2007 – January 2008. With respect to the remaining allegations contained therein, defendant denies each and every allegation.

36. Defendant denies each and every allegation contained therein.

37. Defendant admits that Sergeant Allwyn Brown, an African-American sergeant, was

1  promoted. With respect to the remaining allegations contained therein, defendant denies each and
2  every allegation.

3      38.    Defendant denies each and every allegation contained therein.

4      39.    Defendant denies each and every allegation contained therein.

5      40.    Defendant admits that a counseling memorandum was given, but the remaining
6  allegations are denied. Defendant denies having retaliated against Plaintiff THREETS in any
7  manner.

8      41.    Defendant denies these allegations.

9      42.    Defendant admits that Plaintiff THREETS was in the Administrative Services
10  Bureau but was later transferred. The remaining allegations of this paragraph are denied.

11     43.    Defendant denies these allegations.

12     44.    Defendant admits that Plaintiff BROWN made inaccurate statements and filed for
13  worker's compensation. The remaining allegations are denied.

14     45.    Defendant denies these allegations.

15     46.    Defendant denies these allegations.

16     47.    Defendant denies these allegations.

17     48.    Defendant denies these allegations.

18     49.    Defendant admits that Brown met with an investigator and that as of today's date
19  the report has not been concluded.

20     50.    Defendant admits that Richmond supports Chief Magnus but denies the remaining
21  allegations.

22     51.    Defendant denies the allegations of this paragraph.

### First Cause of Action

### Discrimination Based on Race (42 U.S.C.A. § 2000e-2)

### (Against Defendant RICHMOND and/or Does 1-50)

26     52.    Defendant incorporates by reference each and every response to Paragraphs 1
27  through 51 above.

28     53.    Defendant denies each and every allegation contained therein.

54. Defendant denies each and every allegation contained therein.
55. Defendant denies each and every allegation contained therein.
56. Defendant denies each and every allegation contained therein.
57. Defendant denies each and every allegation contained therein.
58. Defendant denies each and every allegation contained therein.

## Second Cause of Action

### Retaliation in Violation of Title VII (42 U.S.C.A. § 2000e)

### (Against Defendant RICHMOND and/or Does 1-50)

59. Defendant incorporates by reference each and every response to Paragraphs 1 through 58 above.

60. Defendant admits that Plaintiffs have the right to be free from discrimination and harassment, but deny the remaining allegations.

61. Defendant denies each and every allegation contained therein.
62. Defendant denies each and every allegation contained therein.
63. Defendant denies each and every allegation contained therein.
64. Defendant denies each and every allegation contained therein.
65. Defendant denies each and every allegation contained therein.

## Third Cause of Action

### Discrimination Based on Race (42 U.S.C.A. § 1981)

### (Against Defendant RICHMOND and/or Does 1-50)

66. Defendant incorporates by reference each and every response to Paragraphs 1 through 65 above.

67. Defendant denies each and every allegation contained therein.
68. Defendant denies each and every allegation contained therein.
69. Defendant denies each and every allegation contained therein.
70. Defendant denies each and every allegation contained therein.
71. Defendant denies each and every allegation contained therein.
72. Defendant denies each and every allegation contained therein.

#### Fourth Cause of Action

#### Retaliation Based on Race (42 U.S.C.A. § 1981)

#### (Against Defendant RICHMOND and/or Does 1-50)

73. Defendant incorporates by reference each and every response to Paragraphs 1 through 72 above.

74. Defendant denies each and every allegation contained therein.

75. Defendant denies each and every allegation contained therein.

76. Defendant denies each and every allegation contained therein.

77. Defendant denies each and every allegation contained therein.

78. Defendant denies each and every allegation contained therein.

79. Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

#### I.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Defendant alleges that the First Amended Complaint fails to state a claim upon which relief can be granted.

#### II.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Defendant alleges that the injuries and damages of which Plaintiffs complain, if any, resulted from the acts and/or omissions of plaintiffs themselves or of others, and without any fault on the part of defendant.

#### III.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, Defendant alleges that it is immune from liability by operation of California and/or federal laws in that City employees and/or agents acted in good faith and in the proper exercise of their discretionary authority.

#### IV.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that it is entitled to the other privileges, immunities and protections afforded under applicable California law, including but not limited to, Government Code Sections 815 et seq.

V.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Defendant alleges that all actions taken by City employees and/or agents were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

VI.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Defendant alleges that City employees and/or agents used only the means necessary to implement legitimate City business decisions, and to exercise the City's lawful rights.

VII.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs themselves were careless and/or negligent, and did not exercise ordinary care, caution and/or prudence to avoid the alleged events of which they complain, and further assumed the risks of the events or incidents, and that said conduct was the proximate cause of the injuries and damages alleged.

VIII.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims and the resulting injuries and damages they allege herein are barred to the extent that the claims exceed the scope of the administrative complaints they filed with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

IX.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims for damages are barred to the extent that they failed to mitigate them.

X.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendant alleges that it is entitled to absolute or qualified immunity and/or privilege to the extent that the conduct of its employees or agents was mandated, authorized and/or directed by agency, municipal, and state laws.

**XI.**

AS TO THE ELEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' complaint herein and each of their claims is vague and set forth in conclusory terms and as such, this answering Defendant cannot fully anticipate all affirmative defenses that may be applicable.

**XII.**

AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE, Defendant alleges that it is entitled to qualified immunity under applicable federal law.

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by their First Amended Complaint;
2. Defendant has judgment against Plaintiffs;
3. Defendant be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

**XIII.**

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' claims are barred by their failure to exhaust administrative and/or contractual remedies.

**VX.**

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' claims are barred by the equitable doctrines of laches, unclean hands, res judicata and/or estoppel.

**XV.**

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' claims are barred by the applicable statute of limitations.

**XVI.**

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' claims are barred by the doctrines of waiver, estoppel and consent.

**XVII.**

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' claims, to the extent they seek damages for physical, mental and emotional distress, are barred by California Labor Code sections 3600 et. seq, which provides that Workers' Compensation is Plaintiffs'

exclusive remedy.

## XVIII.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, if Plaintiffs are entitled to damages for any loss suffered or sustained, which is denied, then the total amount of damage to which Plaintiffs would otherwise be entitled shall be limited in whole or in part by the doctrine of after acquired evidence.

Dated: April 14, 2009                    MEYERS NAVE RIBACK SILVER & WILSON

By: ___/s/ Geoffrey Spellberg___
     Geoffrey Spellberg
     Attorneys for Defendant
     CITY OF RICHMOND

1218002.1