UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JENKINS, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF RICHMOND,<br><br>　　　　　Defendant.<br>_____/ | No. C-08-3401 EMC<br><br>**ORDER RE PLAINTIFFS' REQUEST TO LIFT MAY 11, 2010 INJUNCTION**<br><br>**(Docket No. 349)** |

　　　　The Court is in receipt of Plaintiffs' counsel's letter of October 31, 2011, Docket No. 349, expressing concerns about the parties' ongoing settlement discussions with Magistrate Judge Corley. Plaintiffs request that this Court lift Judge Patel's May 11, 2010 Order, Docket No. 205, enjoining the parties from distributing any DVDs, audio and/or video recordings of depositions, and/or transcripts of depositions to persons other than those immediately involved in the litigation, and enjoining the parties from commenting on the litigation to the press. Having considered the parties' correspondence with the Court, the Court hereby enters the following order.

　　　　First, the Court does not read Judge Patel's order to preclude the parties from revealing any information to the City Council. The order explicitly includes "all Richmond City Councilmembers" in its definition of "persons bound" by the injunction, and the injunction only precludes communication and information-sharing with persons not "immediately involved in the litigation." *See* Order at 2. As the City Councilmembers are "immediately involved in the litigation" as "the parties' officers," the Court does not view the injunction as limiting the parties' settlement discussions or exchange of information in any material way.

Second, to the extent Plaintiffs challenge the injunction's requirement that they avoid speaking to the public about the ongoing litigation with the City, Plaintiffs fail to identify any changed circumstances that would warrant re-visiting Judge Patel's Order. In addition, no party has requested that the Court evaluate or adjudicate the fundamental constitutionality of the Order.

Finally, to the extent the parties have concerns about the settlement process and the need to have appropriate representatives present in settlement negotiations and to insure that the principals are properly informed of the settlement discussions, those matters should be taken up with Judge Corley.

This order disposes of Docket No. 349.

IT IS SO ORDERED.

Dated: November 3, 2011

_____
EDWARD M. CHEN
United States District Judge