United States District Court

For the Northern District of California

1

2

3

4

5               UNITED STATES DISTRICT COURT

6               NORTHERN DISTRICT OF CALIFORNIA

7

8  JAMES JENKINS, *et al.*,                    No. C-08-3401 EMC

9          Plaintiffs,

10         v.                            **ORDER (1) DENYING MOTION TO**
                                         **SEVER, AND (2) BIFURCATING TRIAL**
11  CITY OF RICHMOND,

12         Defendant.

13  _____/

14

15         The claims of Plaintiff Pickett and Plaintiff Threets are currently set for a jury trial to begin

16  January 14, 2013.  In a joint case management statement filed October 31, 2012, Plaintiff Threets

17  renewed a motion to sever trial for his claims from the trial for Plaintiff Pickett's claims.  Plaintiff

18  Threets argues that a joint trial would cause substantial prejudice, and that the only factual overlap

19  between the two cases is a 2008 incident where both Plaintiffs allege that they should have gotten a

20  promotion to Captain.

21         Defendant objects, arguing that there is extensive overlap in the evidence to be presented in

22  the two cases, and that severing the trial would create a risk of inconsistent verdicts with respect to

23  the promotion to Captain, as both Plaintiffs are alleging that they would have gotten the same job

24  absent retaliation.

25         Where the number of plaintiffs alleging discrimination exceeds the number of actual job

26  openings, the court must fashion any remedy in a way that does not overcompensate the

27  discriminated against group as a whole.  *See U.S. v. City of Miami*, 195 F.3d 1292, 1300 (11th Cir.

28  1999) (rejecting remedy in class action that assumed each discriminated against plaintiff would have

**United States District Court**
For the Northern District of California

1   received the job, when in fact the number of plaintiffs far exceeded the number of openings).  When

2   possible, courts finding discrimination against a group of employees should do an individualized

3   determination of the position each plaintiff would have been in absent the discrimination.  *See*

4   *International Brotherhood of Teamsters*, 431 U.S. 324, 371-72 (1977) (rejecting remedy that would

5   have provided a remedy to all plaintiffs regardless of whether they could show actual harm, and

6   remanding the case with directions "to make . . . individual determinations in deciding which of the

7   minority employees were actual victims of the company's discriminatory practices."); *Shipes v.*

8   *Trinity Industries*, 987 F.2d 311, 318, 319 (5th Cir. 1993) ("If the class is small, the time period

9   short, or if the effect of the discrimination is straightforward, [a court should generally make] an

10  individual-by-individual determination of what each claimant's position would have been but for the

11  discrimination").  As Defendant points out, in cases where two employees alleging discrimination

12  were passed over for the same promotion, the court should deny requests to sever trial in order "to

13  avoid the potential problem of inconsistent verdicts." *Lutz v. Buono*, 05 CIV. 4879 (GAY), 2009

14  WL 3364032 (S.D.N.Y. Oct. 16, 2009).

15       Plaintiff Threets points to the possible prejudice and conflict of interest from trying the cases

16  together, as counsel for both Plaintiffs used to represent the other.  When each Plaintiff is called

17  upon to show that he would have received the promotion to Captain rather than the other, there may

18  be danger that counsel would use confidential information obtained during the representation of the

19  other Plaintiff.

20       Given the danger of inconsistent verdicts, however, this Court declines to sever the trials of

21  Plaintiff Threets and Plaintiff Picket.  Instead, to avoid the potential conflict, this Court will hold a

22  joint trial for both Plaintiffs, but bifurcate the trial.  Phase one will address all claims including the

23  question of whether either or both of the Plaintiffs were subjected to retaliation in regard to the

24  Captain promotion and whether either Plaintiff (without specifying which) would have received the

25  promotion absent the complained of retaliation.  Thus, on the question of the Captain promotion, the

26  Court intends to ask the jury to return special verdicts on the following questions:

27  ///

28  ///

**United States District Court**
For the Northern District of California

1.      Has Plaintiff Threets proved by a preponderance of the evidence that he engaged in or was engaging in an activity protected under federal law?

2.      Has Plaintiff Pickett proved by a preponderance of the evidence that he engaged in or was engaging in an activity protected under federal law?

3.      Has Plaintiff Threets proved by a preponderance of the evidence that the protected activity was a motivating factor for the Defendant's decision not to promote him to Captain?

4.      Has Plaintiff Pickett proved by a preponderance of the evidence that the protected activity was a motivating factor for the Defendant's decision not to promote him to Captain?

5.      Has the Defendant proved, by a preponderance of the evidence, that the Defendant would not have promoted neither Plaintiff Pickett nor Plaintiff Threets even if the Plaintiffs' protected activity had played no role in the Defendant's selection of who would be promoted to Captain?

*See* Ninth Circuit Model Jury Instruction 10.3.

If, at the close of phase one, the jury finds that both Plaintiffs have demonstrated that they engaged in protected activity, that this protected activity was a motivating factor in Defendant's decision not to promote them, and that Defendant has failed to show that it would not have promoted either Plaintiff even absent the alleged discrimination and retaliation, the trial would then continue to phase two. This second phase would address which of the Plaintiffs would have received the promotion. The conflicts raised by Plaintiff Threets may arise in phase two of the trial, and this Court will entertain appropriate motions to address these conflicts at that time.

///
///
///
///
///
///

3

**United States District Court**
For the Northern District of California

1    For the foregoing reasons, the Court **DENIES** Plaintiff Threets's motion to sever, and orders

2   the trial bifurcated in the manner described above.

3

4    IT IS SO ORDERED.

5

6   Dated:  November 5, 2012

7

8                                                                 _____
                                                                 EDWARD M. CHEN

9                                                                 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28