UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JENKINS, *et al.*, | No. C-08-3401 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFF'S FIRST MOTION IN LIMINE** |
| CITY OF RICHMOND, | |
| Defendant. | |

In his first motion in limine, Plaintiff asks this Court to permit the use of a jury questionnaire during the voir dire process. Plaintiff asserts that, given the sensitive nature of the issues presented by this case, the use of a questionnaire will give both the Court and counsel an opportunity to explore potential juror biases or prejudice, while respecting the privacy of the jurors. Plaintiff has provided an 11 page, 49 question jury questionnaire. Dkt. 553, at 23-33.

Defendant opposes the use of the questionnaire on a number of grounds. First, the Defendant argues that Plaintiff's proposed jury questionnaire is outdated, having been drafted 4 years ago. Second, Defendant argues that the use of the questionnaire will not save time. Finally, it argues that the instruction includes a number of questions that are inappropriate. Specifically, it takes issue with Question No. 12, which asks:

> Do you support, or have you supported, any legal efforts or initiatives . . . to prohibit state governments, local governments, public universities, colleges, schools, or other government instrumentalities from giving preferential treatment to any individual or group based on their race, sex, color, ethnicity, or national origin?

Dkt. No. 553, at 25. Similarly, Defendant objects to Question No. 16:

> Have you, or anyone close to you . . . ever been a member in any group or association which sought to advance civil rights or minority rights such as NAACP, ACLU, La Raza, HRC, etc.?

*Id.* at 26. The Defendants do not highlight any other questions as inappropriate, nor do they explain why these questions are improper subjects for voir dire.

Whether to use a jury questionnaire is left to the discretion of the trial court. *See, e.g.*, *United States v. Treacy*, 639 F.3d 32,47 (2d Cir. 2011) (recognizing that district courts have "extensive discretion" in deciding whether to employ a questionnaire). The Court finds that a jury questionnaire in this case, given the sensitive topics it raises, is appropriate and will use one. *See Abdul Salaam v. Frankin County Bd. of Comm'rs*, No. 2:06-cv-413, 2011 WL 14423 (S.D. Ohio Jan. 3, 2011) (adopting use of jury questionnaire where case touched on "sensitive issues of race, religion, and family"); *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D. Kan. 1997) ("It goes without question that a case directly implicating sensitive, personal, moral or religious issues may warrant written jury questionnaires."). The Court does not agree with Defendant that the questions which ask about a proposed juror's stance regarding affirmative action or membership in the groups are inappropriate. Rather, these questions reasonably relate to issues which may arise in this case. *Compare Salazar v. Continental Const. of Montana, LLC*, No. CV 11-16-BLG-CSO, 2012 WL 3100544 (D. Mont. July 30, 2012) (denying use of questionnaire where the purported questions "have seemingly no or very little relevance to how a prospective juror may view issues in this case").

There are, however, a number of questions that need to be updated (as the Plaintiff's proposed questionnaire was originally drafted years ago). In addition, the Court is of the opinion that there is considerable overlap between several questions and that the questionnaire likely does not need to be 49 questions long. However, the Court declines to go through the Plaintiff's proposed questionnaire question by question. Rather, the Parties are **ORDERED** to meet and confer and arrive at a stipulated jury questionnaire to provide to the jury. The parties shall include in the questionnaire the ten standard questions this Court appended to its October 10, 2013, Case Management Scheduling Order. Dkt. No. 548, at 8. Including these ten questions, the stipulated jury questionnaire shall not exceed thirty-five (35) questions. Finally, in drafting the questionnaire,

the parties shall keep in mind that the Court will grant each side an opportunity to conduct a brief oral voir dire after the questioning by the Court.

    The stipulated jury questionnaire shall be filed no later than noon, Thursday, December 19, 2013. Subject to the above, the Court **GRANTS** Plaintiff's First Motion in Limine.

Dated: December 10, 2013

                                              EDWARD M. CHEN
                                              United States District Judge